

FILED
JAN 14 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NICHOLAS S. MEARS, | * | |
| | * | CIV: 05-4008 |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | **COMPLAINT** |
| CITY OF SIOUX FALLS, a GOVERNMENTAL | * | |
| ENTITY, JERRY MUNDT and STEVE FIEGEN, | * | |
| INDIVIDUALLY AND AS AGENTS OF THE | * | |
| CITY OF SIOUX FALLS. | * | |
| | * | |
| Defendants. | * | |

1. This is an action for money damages to redress the deprivation by the defendants of rights secured to the Plaintiff by the Constitution and laws of the United States and the State of South Dakota, and for false arrest and intentional infliction of emotional distress.

2. Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §§ 1331 and 1343(3), and 42 U.S.C. §§ 1983 and 1988, and the pendent jurisdiction of the Court with respect to the cause of actions arising under state law pursuant to 28 U.S.C. Section(s) 1367(a).

3. During all times mentioned in this Complaint, the Plaintiff, Nicholas S. Mears, was a citizen of the United States, residing in Minnehaha County, City of Sioux Falls, South Dakota.

4. During all times mentioned in this Complaint, Defendant Mundt was a duly appointed officer of the Sioux Falls Police Department, acting in his official capacity.

5. During all times mentioned in this Complaint, Defendant Mundt was acting under the color of state law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs, and usages of the State of South Dakota.

6. During all times mentioned in this Complaint, Defendant Fiegen was a duly appointed officer of the Sioux Falls Police Department acting in his official capacity.

7. During all times mentioned in this Complaint, Defendant Fiegen was acting under the color of state law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs, and usages of the State of South Dakota.

8. On January 20, 2003, the Plaintiff, Nicholas S. Mears, then 22 years old, was a resident of the Olive Grove Apartments at 4904 Kirkwood Circle, Sioux Falls, Minnehaha County, South Dakota.

9. The Olive Grove Apartments are in the nature of an assisted living facility with subsidized rents for people with disabilities. The Plaintiff, Nicholas S. Mears, is of low normal intelligence, but also suffers from ADHD and mild to moderate form of chronic depression. Nicholas dropped out of Lincoln High School in his junior year. Nicholas had a class rank of 312th out of 312 students.

10. At around 1:00 a.m. on January 20, 2003, Sioux Falls fire and police officers were dispatched to the Olive Grove apartment building regarding a fire call. It appeared that a fire had been started in a shopping cart inside a closet off the common area of the apartment building. It also appeared a separate fire had been started in a planter stand just outside that closet door. Fire and police officials concluded at the scene that the fire was intentionally set.

11. Having heard the fire alarm sounding, the Plaintiff left his apartment and seeing the fire in the community room, went to the apartment of his friend Jason Lorang who was for the most part an invalid and would need help getting out of the building. It turned out that Jason had guests visiting him so the plaintiff and one of the guests went to where the fire was and put it out with a fire extinguisher. They all then vacated the building.

12. Sioux Falls Police Officer Irish arrived on the scene and made contact with two elderly residents who told him that they believed the Plaintiff was the person to originally discover the fire. Officer Irish made contact with Plaintiff and conducted an interview inside the apartment building. Nicholas told Officer Irish that he lived on the second floor in Apt. 204 and that he had noticed the fire in the closet after hearing the alarms go off and walking down to the first floor. Officer Irish did not consider Plaintiff as a suspect.

13. Officer Irish then conducted a follow up interview in his patrol car after telling Plaintiff it was a serious case and he needed to fill out a statement. This interview began at approximately 1:45 a.m. and lasted approximately an hour and a half although the officer wasn't present the entire time. After this interview the Plaintiff was still not a suspect.

14. Defendant Det. Sgt. Mundt (a narcotics detective) eventually arrived on the scene and was told by another Officer that the Plaintiff was the person who reported the fire and was acting the most suspiciously of all of the residents, and probably had set the fire.

15. From that point forward Sgt. Mundt took over and all investigation of other potential suspects was prematurely ceased.

16. Sgt. Mundt then took the Plaintiff to the police station for further interviews. At the public safety building at about 3:36 a.m., Sgt. Mundt read the Plaintiff his Miranda warning began to interrogate him about the fire. Approximately, an hour into the

interrogation, Defendant Officer Fiegen joined in the interrogation process. The interrogation lasted until approximately 6:00 a.m.

17. During the interview, the Defendants lied to Plaintiff, threatened him, and made certain promises to him, all of which are referenced in further detail in the attached Exhibit "A", the April 21, 2003, Memorandum Opinion of the Honorable Joseph Neiles, Circuit Court Judge of the Second Judicial Circuit, State of South Dakota.

18. The lies, threats and promises of the Defendants in combination with the Plaintiff's lack of sleep, low normal intelligence and psychological problems resulted in the Plaintiff making an involuntary, coerced, false "confession" implicating himself in starting the fire.

19. The means used to coerce Plaintiff's involuntary confession, while not formally approved by the City of Sioux Falls are a persistent practice of the Sioux Falls Police Department in disregard of clear decisions of the South Dakota Supreme Court.

20. That prior to making said confession, Plaintiff had made clear that he was stressed, sleepy and overtired and simply wanted to go home.

21. That prior to making said confession, Plaintiff asked whether if he confessed, even though he knew he didn't do it, would he be allowed to just go home and get some sleep.

22. That prior to making said confession, Plaintiff was promised by Detective Mundt that he would be allowed to go home as soon as he had "the whole story".

23. That after said confession, Plaintiff repeatedly told the officers that the only reason he had said he started the fire was so that he could go home.

24. The acts confessed to were that Plaintiff simply lit a match and threw it in the closet.

25. The acts confessed to by the Plaintiff were on their face not a believable version of how the fire would have been started.

26. Contrary to Defendant Mundt's promise, Plaintiff was not allowed to go home, but was instead lodged on a charge of attempted first degree arson, a class two felony under South Dakota law punishable by up to 25 years in prison and was confined in the Minnehaha County jail.

27. Plaintiff's bond was initially set at $10,000 cash, and he sat in jail for 30 days before obtaining his pretrial release.

28. That during his incarceration, the Plaintiff was subject to various unpleasantries including being assaulted by a fellow inmate.

29. On January 29th, 2003, while Nicholas was still in custody, the Minnehaha Grand Jury met to consider the charges of attempted first degree arson against Plaintiff. While testifying before the Grand Jury, Sgt. Mundt falsely denied that Plaintiff had ever totally retracted his confession.

30. In his testimony in front of the Grand Jury, Defendant Mundt failed to disclose the coercive tactics used to obtain the involuntary confession.

31. The Plaintiff was required to obtain legal counsel and defend himself against the charges.

32. Plaintiff's criminal defense lawyer moved to suppress Nicholas' confession as involuntary. The Motion was heard on March 28, 2003, by the Honorable Joseph Neiles, Circuit Judge of the State of South Dakota, Second Judicial Circuit.

33. In written decision dated April 21, 2003, Judge Neiles concluded *beyond all possible doubt* that the confession was involuntary noting that the facts related by the Plaintiff would be laughable if it were not for the seriousness of the case.

34. On April 22nd, 2003, the charges against Nicholas Mears were dismissed by Minnehaha County Deputy State's Attorney Tom Hensley based on Judge Neiles' ruling.

35. In the manner described herein, the Defendants acted both maliciously and with reckless disregard for the plaintiff's Constitutional Rights.

36. That as a direct and proximate result of the events described herein, the Plaintiff has incurred economic damages, past and future pain and suffering, emotional distress, mental anguish, and a loss of of his constitutional rights as described herein

## COUNT I (§ 1983 VIOLATION OF CIVIL RIGHTS)

37. The Plaintiff herewith incorporates paragraphs one (1) through thirty six (36) above as though fully set forth herein.

38. In the manner described herein, the Defendants deprived the Plaintiff of his rights to remain silent, to Due Process of Law, to be free from unreasonable seizures, to be free from arrest without probable cause, and to remain , all in violation of his Fourth, Fifth, and Fourteenth Amendment rights.

## COUNT II (§ 1983 *MONELL* VIOLATION OF CIVIL RIGHTS AS TO DEFENDANT CITY OF SIOUX FALLS)

39. The Plaintiff herewith incorporates paragraphs one (1) through thirty six (36) above as though fully set forth herein

40. In the manner described herein, the City of Sioux Falls Police Department through either deliberate indifference of lack of training has allowed a custom to flourish within the department of illegally using coercive tactics similar to those in the present circumstance and resulting in the present violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

## COUNT II (FALSE ARREST)

41. The Plaintiff herewith incorporates paragraphs one (1) through thirty six (36) above as though fully set forth herein

42. In the manner described herein, the Defendants caused the Plaintiff to be falsely arrested, jailed and prosecuted, all without probable cause.

## COUNT III (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

43. The Plaintiff herewith incorporates paragraphs one (1) through thirty six (36) above as though fully set forth herein

44. The actions of the Defendants described herein constitute extreme and outrageous conduct intentionally or recklessly causing the plaintiff severe emotional distress.

WHEREFORE, the Plaintiff claims judgment against the Defendants, and each of them, jointly and severally, as follows:

(A) Compensatory damages in the amount of Two Hundred Fifty Thousand Dollars **($250,000)**;

(B) Punitive damages in an amount this Court shall consider to be just, fair, and reasonable;

(C) Attorney's fees and cost of this action;

(D) Such other and further relief as this Court shall consider to be fair and equitable.

Dated this 14 day of January, 2005.

DER HAGOPIAN LAW OFFICE

Jack Der Hagopian
2900 E. 26th Street, Suite 308
Sioux Falls, South Dakota 57103
Phone: (605) 335-4422

**TRIAL BY JURY IS HEREBY DEMANDED**